**David HIPP, Harry McKown, Jr., Brad Stein, Mike Stell and All Others Similarly Situated, Plaintiffs,**

v.

**LIBERTY NATIONAL LIFE INSURANCE COMPANY, Defendant.**

**No. 95–1332–CIV–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

Feb. 6, 1996.

Ross Mathew Goodman, Robert Douglas Permenter, and Troy Alan Rafferty, Levin, Middlebrooks, Mabie, Thomas, Mayes, Mitchell and Papantonio, Pensacola, FL, for David Hipp, Harry W. McKown, Jr., Brad Stein, and Mike Stell, and all others similarly situated.

Peter W. Zinober, D. Michael Pointer, II, Zinober & McCrea, P.A., Tampa, FL, Margaret H. Campbell, and Martha C. Perrin, Ogletree, Deakins, Nash, Smoak & Stewart, Atlanta, GA, for Liberty National Life Insurance Co.

*ORDER GRANTING MOTION FOR LEAVE TO DISTRIBUTE NOTICE OF OPT–IN CLASS ACTION AND APPROVAL OF PROPOSED NOTICE*

KOVACHEVICH, Chief Judge.

This action is before the Court pursuant to the following:

1. Plaintiffs' motion for leave to distribute notice of opt-in class action and for approval of the proposed notice, filed on November 15, 1995. (Dkt. 20)

2. Defendants' opposition to Plaintiff's motion for leave to distribute notice of opt-in class action and the proposed notice, filed on December 11, 1995. (Dkt. 26)

3. Plaintiffs' reply to the opposition, filed on January 2, 1996. (Dkt. 29)

The amended complaint in this case states that Plaintiffs' cause of action is predicated on the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621, *et seq.;* the Fair Labor Standards Act, 29 U.S.C. § 216(b); and the Florida Civil

Rights Act of 1992, Florida Statutes 760.01, *et seq.* Specifically, Plaintiffs charge that they are former Liberty National Life Insurance (hereafter Liberty National) employees who were discriminated against based on their age and they claim that there may be others similarly situated. Plaintiffs brought this suit in an effort to recover damages, for themselves and others similarly situated based on Defendant's alleged violation of the statutes.

### FACTS

Plaintiffs assert that the following facts are pertinent to this motion to distribute notice of opt-in class action and approval of the proposed notice:

1. At all times material to this complaint, the Plaintiffs, and all others similarly situated, were over the age of forty (40).

2. At all times material to this complaint, the Plaintiffs, and all others similarly situated, were employed by the Defendant, Liberty National.

3. All named Plaintiffs were satisfactorily performing their duties as District Managers when they were separated from their employment due to the alleged harassment and they were each qualified for such positions.

4. David Hipp, Harry W. McKown, Jr. and Mike Stell were replaced by younger, less qualified individuals.

5. The claims of the named Plaintiffs are typical for all members of the potential class.

6. The potential class size is estimated at 150 people. Their names and addresses are not presently known to Plaintiffs and potential class members may be unaware that they may have a claim for damages under the Age Discrimination in Employment Act of 1967 (ADEA); the Fair Labor Standards Act; and the Florida Civil Rights Act of 1992.

Defendants assert the following to be additional facts which are pertinent to the motion for leave to distribute notice of opt-in class action and approval of the proposed notice:

7. All four (4) named Plaintiffs were District Managers; none were or ever had been, above that level.

8. Each Plaintiff resigned voluntarily and these resignations spanned eighteen (18) months.

9. The level of performance and qualification varied from individual to individual.

10. All Plaintiffs but one were replaced by older persons.

11. None of the named Plaintiffs were terminated, transferred, demoted, or had his pay reduced.

12. All the named Plaintiffs in this case worked as District Managers in separate districts within one region, three (3) in Florida and one (1) in Alabama. They reported directly, at the time of their resignations, to three (3) different Regional Vice Presidents.

13. At least one of the Plaintiffs (Mike Stell) refused an unconditional offer of reinstatement and full back pay.

### DISCUSSION

Plaintiffs bring this action in Age Discrimination and seek leave to distribute notice of opt-in class action and approval of the proposed notice. The provisions of the ADEA are to be enforced in accordance with the Fair Labor Standard Act, 29 U.S.C. § 216(b). 29 U.S.C. § 626(b).

The Fair Labor Standards Act provides that an employee who claims unlawful discrimination may:

> bring an action against any employer ... in any Federal or State Court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought. 29 U.S.C. § 216(b).

In seeking out a class of potential Plaintiffs, Local Rule 4.04(e), M.D.Fla., provides that notice cannot be given without the Courts' approval.

The United States Supreme Court decided that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) (1982 ed.), in ADEA actions by facil-

itating notice to potential plaintiffs". *Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 169, 110 S.Ct. 482, 486, 107 L.Ed.2d 480 (1989). However, the Court refused to examine the terms of the notice. *Id.* at 170, 110 S.Ct. at 486. In that case, the Court also decided that the "District Court was correct to permit discovery of the names and addresses of the discharged employees." *Id.*

### CONCLUSION

The Court believes that the vehicle of a class action is superior to other available methods for the fair and efficient adjudication of the issues of this case. The Court is not aware of any other related litigation which is presently pending in other courts concerning these issues. The concentration of this litigation in one place will prevent other dockets from being clogged with multiple cases.

It appears to the Court that the judicial system, potential class members, the litigants, counsel for the parties, and the public will all benefit from notice of this opt-in class action suit because time and money of all parties will be efficiently used. Accordingly, it is

**ORDERED** that Plaintiffs' motion for leave to distribute notice of opt-in class action be **granted** and the class be **defined** as follows:

All persons who are, or were, employed by Liberty National Life Insurance Company on or after August 25, 1993, who are, or were, managerial employees, district managers or above, residing in the United States, who were over 40 years of age.

It is further,

**ORDERED** that Defendants shall furnish to counsel for Plaintiffs all discovery necessary to identify class members and their **home addresses** within twenty (20) days of the date of this order. Further, it is

**ORDERED** that the proposed notice is sufficient and may be sent to parties similarly situated. However, any other communication between the Plaintiffs or their counsel and these sought after parties is strictly prohibited by this Court. Parties which chose to opt-in as Plaintiffs must file their written consent with this Court within **120 days** of the date of this order. Although the proposed notice has been authorized by this Court, the Court has taken no position on the merits of this case.

**DONE AND ORDERED.**